Mr. Neil Flaxman Hialeah Gardens City Attorney 550 Biltmore Way, Suite 780 Coral Gables, Florida 33134
Dear Mr. Flaxman:
On behalf of the City of Hialeah Gardens you have asked for my opinion on substantially the following question:
May the City of Hialeah Gardens expend revenues from contraband forfeiture trust funds available pursuant to section 932.7055(4), Florida Statutes (1996 Supplement), to build and maintain a stable for horses which will be used for a mounted police patrol unit?
In sum:
The City of Hialeah Gardens is not authorized to expend revenues from contraband forfeiture funds to build and maintain a stable for horses which will be used for a mounted police patrol unit.
According to your letter, the City of Hialeah Gardens wishes to establish a mounted patrol unit for crime prevention. The city proposes to use forfeiture funds to build a stable and maintain such stable in which to board the horses of the patrol unit. The city receives donations of horses from citizens; however, the city has no facility for stabling such horses. The city does not currently maintain a mounted patrol and asks whether contraband forfeiture trust funds which are available pursuant to section932.7055, Florida Statutes (1996 Supplement), may be used to construct and/or maintain these horse stables.
The Florida Contraband Forfeiture Act, ss. 932.701-932.707, Florida Statutes (1996 Supplement), authorizes a law enforcement agency effecting a forfeiture of seized property to sell or otherwise salvage or transfer the property to any public or nonprofit organization rather than retaining it for the law enforcement agency. If seized property is sold, the proceeds are disbursed in the following priority: satisfaction of any liens preserved by the court in the forfeiture proceedings; payment of costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property; and payment of court costs incurred in the forfeiture proceeding.[1]
If the seizing agency is a municipality, as is the case here, the remaining proceeds are deposited in a special law enforcement trust fund established by the governing body of the municipality. Section 932.7055(4)(a), Florida Statutes (1996 Supplement), provides:
"Such proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meetnormal operating expenses of the law enforcement agency." (e.s.)
Funds received through an appropriation from the contraband forfeiture fund may be expended in accordance with statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."[2]
Consistent with previous opinions of this office, contraband forfeiture funds may be used only for those purposes set forth in the statute and for appropriate law enforcement purposes, except normal operating expenses, as determined by the governing body of the municipality.[3] This office has, on occasion, concluded that proposed expenditures were outside the scope of permissible uses for contraband forfeiture.[4] Ultimately, however, the governing body of the municipality must make the decision whether the expenditure is for an appropriate law enforcement purpose.[5]
Attorney General's Opinion 83-9 considered whether a board of county commissioners was authorized to use funds from the special law enforcement trust fund established by section 932.704, Florida Statutes, to hire a physician's assistant to render medical services to prisoners in the county jail. It was concluded in that opinion that such a use of these trust funds was not authorized since furnishing medical attention and treatment to county prisoners is a continuing and ongoing or regular duty of the sheriff's office. As that opinion states, "[i]t . . . appears that the legislative intent of s. 932.704, F.S., is that these trust funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established."[6]
Subsequently, the Board of County Commissioners of Charlotte County asked whether it could expend contraband forfeiture funds to construct a building to be used by the sheriff for evidence storage. As discussed in Attorney General's Opinion 86-48, space for the storing of evidence in criminal cases would appear to be one of the normal operating needs of the sheriff in carrying out the statutory duties of that office and represented a continuing, ongoing or regular duty or function of that office. Thus, the opinion concluded that the storage of property as evidence in criminal cases did not constitute a purpose expressly provided for in section 932.704, Florida Statutes, nor did such an activity represent an extraordinary program or purpose beyond what is usual, normal, regular or established.
Similarly, in the situation you have described, the provision of law enforcement services is the usual, normal, regular or established duty of a city police department. If the City of Hialeah Gardens determines that its general law enforcement duties can be accomplished successfully using a mounted police patrol unit, then a normal operating need of that unit will be a stable or other housing for the horses used on that patrol. The building and maintenance of a stable for horses used for a mounted police patrol unit is not a purpose expressly provided for in section932.704, Florida Statutes, nor, based on the information you have provided, would it represent an extraordinary program or purpose beyond what is usual, normal, regular or established.
Therefore, it is my opinion that the City of Hialeah Gardens may not expend contraband forfeiture fund revenues to build and maintain a stable for horses to be used for a mounted police patrol unit.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 932.7055(3), Fla. Stat. (1996 Supp.).
[2] Section 932.7055(4)(c)1.-3., Fla. Stat. (1996 Supp.).
[3] See, Ops. Att'y Gen. Fla. 91-84 (1991) (a police athletic league with the primary purpose of preventing crime by providing recreational programs for disadvantaged youths may be supported with contraband forfeiture funds, if the governing body of the city determines that such activities are an appropriate law enforcement purpose), and 86-48 (1986), and 83-9 (1983).
[4] See, Op. Att'y Gen. Fla. 83-9 (1983) (contraband forfeiture funds may not be used to compensate a physician's assistant to render medical aid to county prisoners); Op. Att'y Gen. Fla. 84-69 (1984) (installation or maintenance of traffic control devices not permissible use of contraband forfeiture funds); and Op. Att'y Gen. Fla. 89-78 (1989) (contraband forfeiture funds may not be used to augment salaries of police officers or pay tuition supplements to recruits).
[5] See, e.g., Op. Att'y Gen. Fla. 91-69 (1991) (governing body of the local government effecting the forfeiture is accountable for the special law enforcement trust fund established pursuant to s. 932.704(3)(a), Fla. Stat.).
[6] And see, Ops. Att'y Gen. Fla. 81-99 (1981) (funds in the special law enforcement trust fund "may not be used as a source of revenue to meet normal operating needs of the sheriff's office"); 83-30 (1983), 75-194 (1975), 75-35 (1975) and 72-346 (1972).